UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

| | |
|---|---|
| IN RE: | CASE NO. 12-10075 |
| MARGARET LOUISE FANNON, | CHAPTER 7 |
| Debtor. | |
| | JUDGE FRANK W. VOLK |
| ROBERT L. JOHNS, Chapter 7 Trustee, | ADVERSARY PROCEEDING NO. 1:12-1003 |
| Plaintiff, | |
| v. | |
| JOHNNY BROWN, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Pending is Chapter 7 Trustee Robert L. Johns' motion for summary judgment, filed October 1, 2015.

This is a core proceeding pursuant to 28 U.S.C. § 157. The Court is vested with subject jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

The Court takes the facts in the light most favorable to Mr. Johns in view of Mr. Brown's failure to respond to the instant motion, as more fully discussed *infra*. *See Robinson v. Wix Filtration Corp.*, 599 F.2d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the . . . court '*must* review the motion, even if unopposed, and determine from

what it has before it whether the moving party is entitled to summary judgment as a matter of law.'") (emphasis in original).

On June 19, 2012, Debtor Margaret Louise Fannon petitioned for relief under Chapter 7 of the Bankruptcy Code. Following an investigation, Mr. Johns learned that Ms. Fannon had transferred the following items of personal property to her son, Defendant Johnny Brown: (1) a 1990 Assembly Trailer, (2) a 2004 Boat Trailer, (3) a 2004 Jet Ski, (4) a 1978 Chevrolet Camper, and (5) a 2001 Ford Explorer (the "Transfers"). Mr. Johns contends that the Transfers are valued at $ 15,000.00. The Transfers were made to, or for the benefit of, Mr. Brown on or about December 2011. Mr. Brown provided no value for title to the aforementioned personal property. Likewise, Ms. Fannon did not receive reasonably equivalent value in exchange. At the time of the Transfers, Ms. Fannon was insolvent or was rendered insolvent as the result of the Transfers.

On December 18, 2012, Mr. Johns instituted this action against Mr. Brown. On December 27, 2012, Mr. Brown answered. On August 17, 2015, counsel for Mr. Brown was granted leave to withdraw. On October 1, 2015, Mr. Johns moved for summary judgment. Mr. Brown did not respond. On November 23, 2015, the Court sent to Mr. Brown a notice respecting the nature of Mr. Johns' motion, the right to respond to the same by December 10, 2015, and the fact that Mr. Brown's failure to do so would be deemed "a representation" on his part that he did "not object to the relief sought by Mr. Johns and that judgment may be entered against . . . [Mr. Brown] accordingly." (Not. at 1); s*ee Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No response has been received.

Mr. Johns seeks to recover from Mr. Brown the value of those transfers made to Mr. Brown by Ms. Fannon pursuant to the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA"), West Virginia Code section 40-1A-4 and the Bankruptcy Code at 11 U.S.C. §§

2

544, 547, 548, and 550. Mr. Johns contends that the transfers were inappropriate, made outside the ordinary course of business to an insider, and may properly be recovered for the benefit of the Estate. The matter is ripe for disposition.

## II.

### A.    Governing Standard

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, authorizes summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. The moving party bears the burden. *Emmett v. Johnson*, 532 F.2d 291, 297 (4th Cir. 2008) ("When a party has submitted sufficient evidence to support its request for summary judgment, *the burden shifts to the nonmoving party* . . . .") (emphasis added); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). Once the moving party has made a prima facie showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a genuine issue of material fact which precludes summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B.    Law and Analysis

Title 11 U.S.C. § 544(b)(1) provides pertinently as follows respecting Mr. Johns' authority herein:

3

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title . . . .

11 U.S.C. § 544(b)(1). Respecting the "applicable law" requirement, the WVUFTA makes transfers by debtors "fraudulent if made under certain circumstances." *Rich v. Rich*, 185 W. Va. 148, 150, 405 S.E.2d 858, 860 (1991). The WVUFTA provides that a creditor may prove that a transfer was fraudulent by showing that the debtor acted with actual intent to hinder, delay or defraud a creditor. *Nicholas Loan & Mortgage, Inc. v. W.Va. Coal Co-Op, Inc.*, 209 W. Va. 296, 301, 547 S.E.2d 234, 239 (2001). West Virginia Code section 40-1A-4(a) provides an additional avenue for recovery as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> . . . .
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor:
>
> > (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> >
> > (ii) Intended to incur, or believed or reasonably should have believed that he (or she) would incur, debts beyond his (or her) ability to pay as they became due.

W. Va. Code § 40-1A-4(a). The WVUFTA defines the key terms. A transfer is "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease and creation of a lien or other encumbrance." *Id.* § 40–1A–1(*l* ). An asset is the property of a debtor, except, *inter alia,* property encumbered by a valid lien. *Id.* §§ 40–1A1(b). A transfer can only occur after the debtor acquires rights in the asset transferred. *Id.* § 40–1A–6(d).

4

West Virginia Code section 40-1A-4(b) contains factors to aid the Court in assessing the defendant's intent. The factors found there "'include[] most of the badges of fraud that have been recognized by the courts [.]'" *Nicholas Loan & Mortgage, Inc. v. W.Va. Coal Co-Op, Inc.*, 209 W. Va. 296, 301-02, 547 S.E.2d 234, 239-40 (2001) (quoting *Uniform Fraudulent Transfers Act,* § 4, cmt. (5)):

(1) The transfer or obligation was to an insider;

(2) The debtor retained possession or control of the property transferred after the transfer;

(3) The transfer or obligation was disclosed or concealed;

(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor absconded;

(7) The debtor removed or concealed assets;

(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

W. Va. Code § 40-1A-4(b).

The Court additionally notes the terms of 11 U.S.C. § 548(b), which provide pertinently as follows:

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
> . . . .
>
> received less than a reasonably equivalent value in exchange for such transfer or obligation; and . . .
>
> was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

11 U.S.C. § 548(b).

Inasmuch as Mr. Brown has not countered the facts offered by Mr. Johns, the Court accepts as undisputed that the Transfers here were to an insider, Ms. Fannon's son. Equally without dispute is the fact that Ms. Fannon was insolvent at the time of the transfers or, alternatively, that the transfers rendered her insolvent. Inasmuch as it is further undisputed that Ms. Fannon received no consideration in return for the transferred property, it is clear she did not receive reasonably equivalent value in exchange for the transfer and, in light of her insolvency, reasonably should have believed that the loss of these considerable assets would cause her to incur debts beyond her ability to pay as they became due.

In view of these undisputed facts, the Court concludes that Mr. Johns is entitled to judgment as a matter of law under the referenced provisions of the WVUFTA and sections 548(a)(1)(B), and 544(b) of the Bankruptcy Code.

### III.

Based upon the foregoing discussion, it is, accordingly, **ORDERED** as follows in this action:

1. That Mr. Johns' motion for summary judgment be, and hereby is, **GRANTED**; and

2. That Mr. Johns be, and hereby is, directed to submit, on or before January 15, 2016, a proposed judgment order electing between the avoidance of the Transfers or, as against Mr. Brown, a judgment in the amount of $15,000, representing the value of the Transfers.[1]

The Clerk shall transmit a copy of this written opinion and order to the parties and their counsel, if any, and the United States Trustee.

DATED: December 31, 2015

Frank W. Volk
United States Bankruptcy Judge

---

[1] It may be the case that one or more so-called "*Stern* claims" are here at issue. Such claims are described as those "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2170 (2014). Under such circumstances, the Court would ordinarily be prevented from entering final judgment under *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

To the extent such claims are present, the Court is prepared to conclude that Mr. Brown has impliedly, but knowingly and voluntarily, consented to entry of final judgment by the undersigned. First, Mr. Brown did not seek a jury trial or otherwise reflect in his answer that he objected to the final adjudicatory exercise by the bankruptcy court. Second, in the notice recently transmitted to him by the Court, Mr. Brown was explicitly advised that his failure to respond to the summary judgment motion would result in judgment being entered against him. He nevertheless failed to respond. The attribution of implied consent is thus appropriate. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1941-42 (2015). In any event, the failure by Mr. Brown to object to the proposed judgment order within ten days of its filing would be conclusive on the matter of consent.